UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Pradeep B. Gupte, | |
| Plaintiff, | Civil No. 3:25-cv-00288 (VAB) |
| v. | |
| Windham Hospital, | June 27, 2025 |
| Defendant. | |

**RECOMMENDED RULING ON MOTION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS AND INITIAL REVIEW OF THE
AMENDED COMPLAINT UNDER 28 U.S.C. § 1915**

**I.     INTRODUCTION**

This is a lawsuit filed by the plaintiff, Pradeep Gupte, proceeding *pro se*, against Windham Hospital. (Am. Compl., ECF No. 10.) Mr. Gupte appears to allege in an amended complaint four counts against the defendant respecting his treatment at the hospital. (*Id.* at 1–2.) He asks for permission to file his amended complaint *in forma pauperis* ("IFP") – that is, without paying filing fees. (ECF No. 11.)

As the Court has explained previously to Mr. Gupte, when a plaintiff wishes to proceed IFP, the court ordinarily conducts two inquiries. First, it reviews the plaintiff's financial affidavit and determines whether he is unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court examines his complaint to determine whether, among other things, it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). If the complaint "fails to state a claim," the court must dismiss the case. *Id.*

1

United States District Judge Victor A. Bolden referred Mr. Gupte's case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these inquiries. (ECF No. 12.) I have thoroughly reviewed the amended complaint, the IFP motion, and the accompanying financial affidavit. In the first step of the analysis, I conclude that the motion for leave to proceed IFP should be granted, because Mr. Gupte has demonstrated that he is unable to pay the filing fee. However, in the second step, I recommend that Judge Bolden dismiss all of Mr. Gupte's claims for failure to state a claim on which relief may be granted. I further recommend that the dismissal be without prejudice to repleading.

## II.     THE FIRST INQUIRY:  IFP STATUS

Typically, when a plaintiff files a case in federal court, he must pay filing and administrative fees totaling $405.00. *See* 28 U.S.C. § 1914. A court may nonetheless "authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (stating that litigants who qualify for IFP status "may commence a civil action without prepaying fees").

To qualify as "unable to pay," the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship[.]" *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). The United States Supreme Court has said that a plaintiff makes a "sufficient" showing of inability to pay when his application demonstrates that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and

[his] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In this case, Mr. Gupte filed two motions for leave to proceed IFP. (ECF Nos. 2, 11.) In the application that he filed with his amended complaint, Mr. Gupte states that he has only $8 in cash on hand and $5 in a checking account. (ECF No. 11, at 4.) He owns no valuable property other than a nine-year-old car. (*Id.*) He receives $1,916 monthly in social security benefits but has $1,915 in monthly living expenses. (*Id.* at 3, 5.) Based on these statements, I conclude that payment of the filing fee "would constitute a serious hardship." *Fiebelkorn*, 77 Fed. Cl. at 62. I will therefore grant Mr. Gupte's motion to proceed IFP at ECF No. 11. Because the IFP motion at ECF No. 2 is redundant, I will deny it as moot.

### III.     THE SECOND INQUIRY:  REVIEW OF THE AMENDED COMPLAINT

####     A.     General Principles of Review under 28 U.S.C. § 1915

The same statute that authorizes courts to allow a qualifying plaintiff to begin his lawsuit without paying the fee also directs courts to review that plaintiff's complaint to ensure that he is not abusing the privilege of filing a free lawsuit. As noted above, that review asks whether, among other things, the plaintiff's complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

A complaint "fails to state a claim" when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair

3

notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Twombly*, 550 U.S. at 555–56.  Conclusory allegations are insufficient.  *Iqbal*, 556 U.S. at 678.  If a complaint fails to state a claim, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2).

These and other pleading rules are applied liberally in favor of *pro se* plaintiffs like Mr. Gupte.  "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," courts must "construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139–40 (2d Cir. 2000).  In other words, courts interpret *pro se* complaints "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted).  Because *pro se* litigants "cannot be expected to know all of the legal theories on which they might ultimately recover," a reviewing court's "imagination should be limited only by [the] factual allegations" when determining what legal claims the complaint suggests.  *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005).  At the same time, "[e]ven a *pro se* plaintiff . . . must meet the standard of facial plausibility[.]" *McQuay v. Pelkey*, No. 3:16-cv-00436 (MPS), 2017 WL 2174403, at *2 (D. Conn. May 17, 2017); *accord Vega v. Univ. of Conn. Med. Ctr.*, No. 3:11-cv-01864 (AVC), 2012 WL 1825381, at *1 (D. Conn. May 16, 2012) ("Although courts still have an obligation to liberally construe a *pro se* complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility.") (internal citation omitted).

**B.     Application of These Principles to Mr. Gupte's Amended Complaint**

I identify six claims in Mr. Gupte's amended complaint.  He expressly claims a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (ECF No. 10, at 1.)  Mr. Gupte also asks the Court to "look at" 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  (*Id.*)  In addition,

construing the amended complaint liberally, he appears to assert a claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* (*Id.* at 2.) For the reasons discussed below, I recommend that Judge Bolden dismiss each of Mr. Gupte's claims.

Title VII prohibits employment discrimination. Specifically, the statute makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). In this case, Mr. Gupte alleges that the defendant violated his rights pursuant to Title VII. (ECF No. 10, at 1.) However, the amended complaint does not contain any facts alleging that Mr. Gupte worked for or had any other type of employment relationship with the defendant. Indeed, Mr. Gupte appears to be complaining about his treatment at Windham Hospital, and not about anything related to employment. (*See id.* at 2.) I therefore recommend that Judge Bolden dismiss the Title VII claim.

Mr. Gupte's Section 1981 claim also must fail. To plead a Section 1981 claim, "a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (*i.e.*, make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). In his amended complaint, Mr. Gupte "identifies his race as Asian Indian." (ECF No. 10, at 2.) However, he fails to allege any facts to support the second and third elements. Indeed, he does not offer any allegations that he was discriminated

against because of his race. (*See id.* ("Plaintiff did not receive proper treatment depending on his religion . . . [and] disability[.]").) Accordingly, I recommend dismissal of Mr. Gupte's Section 1981 claim.

I also recommend that Judge Bolden dismiss the Section 1983 claim. To state a Section 1983 claim, a plaintiff must allege that he was deprived of a "right secured by the Constitution and laws of the United States," and that the alleged deprivation was "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). This is because the "the United States Constitution regulates only the Government, not private parties[.]" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 941 F.2d 1292, 1295 (2d Cir. 1991). A private party can only be considered a "state actor" if its alleged unconstitutional conduct is "fairly attributable" to the state. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). In this case, Mr. Gupte is asserting claims against Windham Hospital, a private party. He does not allege any state involvement, nor does he allege that the defendant acted under color of state law. For that reason, even if Mr. Gupte could claim that he was deprived of a right secured by the Constitution and laws of the United States, the amended complaint would still fail to state a Section 1983 claim.

Mr. Gupte has also failed to plausibly plead sufficient facts to state a claim under Title III of the ADA. To state such a claim, a plaintiff must plead facts that, if proven, would show "(1) that [he] is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008) (citing 42 U.S.C. § 12182(a)). To demonstrate that he is disabled within the meaning of the ADA, a plaintiff would need to plead facts to demonstrate that

6

he has "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102.  In this case, the defendant does operate a place of public accommodation.  *See* 42 U.S.C. § 12181(7)(F) (stating that a hospital is considered a place of public accommodation for purposes of the ADA).  However, the amended complaint does not contain facts that demonstrate that Mr. Gupte is disabled within the meaning of the ADA nor that the defendant discriminated against him because of that disability.  Mr. Gupte states that he has diabetes, but he does not allege facts that demonstrate that diabetes substantially limits a major life activity. (ECF No. 10, at 2.)  Moreover, his allegation that the defendant discriminated against him is conclusory.  He states only that he "did not receive proper treatment depending on his . . . disability" when the defendant did not give him insulin and mobility aids.  (*Id.*)  He does not say how the defendant kept him from a full and equal opportunity to enjoy the services that it provides. *See Camarillo*, 518 F.3d at 156; 42 U.S.C. § 12182(b)(2)(A).  Accordingly, Mr. Gupte has failed to state a claim under Title III of the ADA.

Mr. Gupte's claim under HIPAA should also be dismissed.  HIPAA regulates the privacy of medical records, *see Rzayeva v. United States*, 492 F. Supp. 2d 60, 83 (D. Conn. 2007), and Mr. Gupte claims that the defendant "gave confidential information to [its] counsel without [his] permission." (ECF No. 10, at 2.)  However, HIPAA does not create a private right of action. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 242 (2d Cir. 2020) (holding "that there is no private right of action under HIPAA, express or implied").  "[E]nforcement of HIPAA is reserved exclusively to the Secretary of Health and Human Services." *Rzayeva*, 492 F. Supp. 2d at 83.  In other words, a private citizen like Mr. Gupte cannot directly file a lawsuit for a HIPAA violation, and his claim must therefore be dismissed.

Mr. Gupte's amended complaint also fails to state a racketeering claim. RICO authorizes a private right of action by a "person injured in his business or property by reason of a violation of section 1962 of [Title 18]." 18 U.S.C. § 1964(c). "A plaintiff asserting a RICO violation must adequately plead '(1) the defendant's violation of [18 U.S.C.] § 1962, (2) an injury to plaintiff's business or property, and (3) the causation of the injury by the defendant's violation.'" *Stancuna v. New Haven Legal Assistance Inc.*, 383 F. App'x 23, 24 (2d Cir. 2010) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir.2006)). In this case, Mr. Gupte claims the defendant "forced [him] to go to other hospitals without his consent . . . because the defendant wanted to make more and more money from [his] insurance[.]" (ECF No. 10, at 2.) He contends that those actions amount to "some kind of scheme or racketeering," and, because he "has to pay part of [the] medical bill," "the defendant is cheating" him. (*Id.*) Even construed liberally, the amended complaint does not contain facts that would support an inference that the defendant was engaged in racketeering activity under 18 U.S.C. § 1962. Moreover, the allegations that do appear in the amended complaint are conclusory, and therefore are not enough to support a RICO claim. *See Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

For the reasons stated in Section II, Mr. Gupte's motion for leave to proceed IFP at ECF No. 11 is granted and the motion at ECF No. 2 is denied as moot. For the reasons stated in Section III, I recommend that Judge Bolden dismiss all the claims in the amended complaint. I further recommend, however, that the dismissal be without prejudice to repleading. If my recommendation is accepted, this would mean that Mr. Gupte could file an amended complaint attempting to cure the defects identified in this recommended ruling. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). There may be no cure for those defects, but *pro se*

plaintiffs are usually given "leave to amend at least once." *Id.* Although Mr. Gupte has already amended his complaint once, he did it without benefit of this review. I recommend he be given an opportunity to amend yet again to address the deficiencies identified herein, if he can.

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). **If Mr. Gupte wishes to object to my recommendation, he must file that objection with the Clerk of the Court by July 16, 2025.** *See* Fed. R. Civ. P. 72(b)(2) (stating that objections to magistrate judge recommendations shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (allowing five additional days for persons who will receive the recommendation from the Clerk of the Court via mail). If he fails to file a timely objection, his failure "operates as a waiver of any further judicial review[.]" *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). In particular, failure to file a timely objection operates as a waiver of the right to seek appellate review in the Court of Appeals. *Id.*; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6; *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge